**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FERNANDO DIAZ, individually and on
behalf of all others similarly situated,

      Plaintiff,                                Case No. 8:19-cv-02898

v.

CREDIT PROTECTION ASSOCIATION, LP,

      Defendants.

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Now Comes Plaintiff, FERNANDO DIAZ ("Plaintiff"), by and through his undersigned

attorney, on his behalf and on behalf of a class of all others similarly situated, brings this Class

Action Complaint against Defendant CREDIT PROTECTION ASSOCIATION, LP:

**I.  Parties, Jurisdiction and Venue**

1.     Plaintiff is a resident of Tampa, Florida.

2.     Defendant CREDIT PROTECTION ASSOCIATION, LP ("CPA") is incorporated

in the State of Texas and maintains its principal place of business at 13355 Noel Road, Floor 21,

One Galleria Tower, Dallas, Texas 75240.

3.     Plaintiff has filed this civil action pursuant to the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §1692, *et seq.*

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337

as the FDCPA is a federal statute.

5.     CPA is a "debt collector" as defined by Section 1692a(6) of the FDCPA because

CPA routinely uses the United States Postal Service for the collection of consumer debts.

6.      CPA recognizes that the FDCPA applies to it because CPA places certain language and discloses on its written debt collection communications as required by the FDCPA.

7.      CPA's principal purpose is the collection of defaulted debts.

8.      CPA primarily collects debts owed by consumers to creditors as opposed to business to business debts.

9.      This Court has federal question jurisdiction and venue is proper pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

10.     Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because CPA mailed the 11-06-2019 postcard to an address within this District and CPA routinely collects consumer debts in this District and CPA sent the Collection postcard to Plaintiff in this District.

11.     Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because CPA, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

12.     Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because CPA is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

13.     Plaintiff seeks to represent a class of consumers residing in this Judicial District.

**II.   Allegations Related to the Subject Debt**

14.     Plaintiff obtained internet service from Frontier Communications and defaulted on his account ("Subject Debt").  Plaintiff incurred the Subject Debt for personal and household expenses.

15.     Plaintiff was impacted by circumstances that prevented him from paying the Subject Debt and this resulted in him defaulting on the Subject Debt.

16.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he is a "person obligated or allegedly obligated to pay" the Subject Debt and he is regarded as such by CPA.

17.     Because CPA primarily collects consumer debts it regarded the Subject Debt as "arising out of a transactions in which" services, and in particular, internet services, were obtained by Plaintiff from a creditor, Frontier Communications, where services were "primarily for personal, family or household purposes" as opposed to servicers obtained for a business purpose.

**III.     CPA's Collection Postcard Dated 11-06-2019**

18.     CPA sent a postcard to Plaintiff on or about November 6, 2019 in an attempt to collect the Subject Debt (hereafter the "Postcard").

19.     The Postcard was folded and sealed shut for the purpose of protecting the contents of the Postcard from being read by persons other than the recipient.

20.     Because of how the Postcard was folded and sealed shut, the Postcard was similar to an Envelope.

21.     Similar to an envelope, in order to review the contents of the Postcard, Plaintiff was required to unseal the Postcard and did so by ripping open a perforated end of the Postcard.

22.     The Postcard was mailed to Plaintiff with the following language on the front of the Postcard: "**IMPORTANT INFORMATION ENCLOSED.**"

23.     A redacted image of the front and backside of the Postcard is depicted below:



24.    When Plaintiff received the Postcard, his attention was drawn to the fact that the

Postcard said "**IMPORTANT INFORMATION ENCLOSED.**"

25.     After reading the words "**IMPORTANT INFORMATION ENCLOSED**" Plaintiff immediately opened the Postcard in order to read the contents of the Postcard.

26.     CPA's use of the words "**IMPORTANT INFORMATION ENCLOSED**" on the outside of the Postcard violated Section 1692f(8) of the FDCPA.

27.     CPA and its lawyers know that it was a violation of Section 1692f(8) of the FDCPA for CPA to include the words "**IMPORTANT INFORMATION ENCLOSED**" on the outside of the Postcard  because CPA is familiar with the prohibitions of Section 1692f of the FDCPA.

28.     CPA was sued in February of 2018, for sending debt collection postcards to consumers in violation of Section 1692f(7) of the FDCPA (which prohibits "[c]ommunicating with a consumer regarding a debt by post card") in the case of *McRobie v. Credit Protection Association*, 18-cv-00566 (E.D. Penn.).

29.     On information and belief, CPA plausibly placed the words "**IMPORTANT INFORMATION ENCLOSED**" on postcards like the one in question to hundreds of consumers in this District, in an attempt to induce consumers like Plaintiff to open postcards, read the contents of the postcards, and pay the subject debts.

30.     On information and belief, CPA has determined that it collects more money from consumers when it sends letters with the words, "**IMPORTANT INFORMATION ENCLOSED**" on the face of the postcards.

31.      On information and belief, CPA has determined that least sophisticated consumers are more likely to open postcards sent with the words "**IMPORTANT INFORMATION ENCLOSED**" than postcards that do not contain the words "**IMPORTANT INFORMATION ENCLOSED.**"

32.     The inside of Postcard informed Plaintiff that "THIS ACCOUNT IS IN COLLECTIONS."

33.     The inside of the Postcard is depicted below and reflects that CPA was attempting to collect the Subject Debt:



## IV.     Causes of Action

**Count I – The Letter Violates Section 1692f(8) of the FDCPA**

34.     Plaintiff realleges the paragraphs 1, 5,14, 16, 18 and 22-33 as though fully set forth herein .

35.     Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36.     Section 1692f(8) specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

37.     Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

38.     The Postcard's use of the phrase "**IMPORTANT INFORMATION ENCLOSED**" violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using *any language*, other than the debt collector's address, on any envelope when communicating with a consumer.

39.     CPA's use of the words "**IMPORTANT INFORMATION ENCLOSED**" had a material impact on Plaintiff because these words caused Plaintiff to immediately open the Postcard because he wanted to know what was so "IMPORTANT" about the contents of the Postcard.

40.     Within one year of the filing of this lawsuit, at least 40 persons with addresses from within this District were sent a collection postcard by CPA where the collection postcard contained the words "**IMPORTANT INFORMATION ENCLOSED.**"

41.     CPA's use of the Postcard in this manner satisfies the elements of typicality, commonality, predominance and superiority.

42.     On information and belief, at least forty consumers may have paid their debts as a result of CPA's above violations of the FDCPA where their decision to pay their debt resulted from CPA using the words "**IMPORTANT INFORMATION ENCLOSED.**"

43.     Plaintiff will fairly and adequately represent the proposed sub-class members who are defined as follows:

> All persons with mailing addresses within the State of Florida who were mailed a form collection postcard where the postcards used the words "**IMPORTANT INFORMATION ENCLOSED"** on the face of the postcards.

44.     Plaintiff will fairly and adequately represent the proposed sub-class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection postcard where the postcards used the words "**IMPORTANT INFORMATION ENCLOSED"** on the face of the postcards.

45.     The proposed class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

46.     The proposed class can be defined by CPA's records.

47.     Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.   declare that the Letter violates the FDCPA;

b.   enjoin Defendant CPA from using the Postcard in conjunction with any future collection letters;

c.   award Plaintiff statutory damages of up to $1,000;

d.   award class members maximum statutory damages;

e.   award class members actual damages if they paid their subject debts after receiving a collection postcard like the one sent to Plaintiff; and

f.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

*Plaintiff demands a jury trial.*

Respectfully submitted, on behalf of

Plaintiff Fernando Diaz individually
and on behalf of all others similarly situated,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*