## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

FERNANDO DIAZ, individually and on behalf
of all others similarly situated,

     Plaintiff,

v.                                    Case No: 8:19-cv-2898-T-30CPT

CREDIT PROTECTION ASSOCIATION,
L.P.,

     Defendant.

_____

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (Dkt. 10) and Plaintiff's Response in Opposition (Dkt. 11). Upon review of these filings, and upon being otherwise advised in the premises, the Court concludes that Defendant's motion should be denied because Plaintiff adequately alleged that the subject communication violated section 1692f(8) of the Fair Debt Collection Practices Act.

## BACKGROUND

Plaintiff Fernando Diaz filed this action against Defendant Credit Protection Association, LP ("CPA") under the Fair Debt Collection Practices Act ("FDCPA"). Diaz alleges that CPA is a "debt collector" as defined under section 1692a(6) of the FDCPA because CPA routinely uses the United States Postal Service for the collection of consumer debts.

According to the complaint, Diaz obtained internet service from Frontier Communications and defaulted on his account ("Subject Debt").   Diaz incurred the Subject Debt for personal and household expenses.

On or about November 6, 2019, CPA sent a postcard to Diaz in an attempt to collect the Subject Debt (hereafter the "Postcard").   The Postcard was folded and sealed shut for the purpose of protecting the Postcard's contents from being read by anyone other than the recipient.   The front of the Postcard contained the following language: "**IMPORTANT INFORMATION ENCLOSED.**"   (Dkt. 1 at ¶22).   The complaint includes a redacted image (front and back) of the Postcard.

Diaz alleges that CPA's use of the language "**IMPORTANT INFORMATION ENCLOSED**" on the outside of the Postcard violated section 1692f(8) of the FDCPA.   Diaz also avers "[o]n information and belief" that CPA determined that it collects more money from consumers when it sends postcards containing the language "**IMPORTANT INFORMATION ENCLOSED**" because least sophisticated consumers are more likely to open postcards sent with such language.   *Id.* at ¶¶29-31.

The one-count-complaint alleges that the Postcard violates section 1692f(8) of the FDCPA, which specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

Diaz seeks to represent a class of similarly situated individuals.   The complaint states that "at least 40 persons with addresses from within this District were sent a collection postcard by CPA where the collection postcard contained the words '**IMPORTANT INFORMATION**

**ENCLOSED.**'"   *Id.* at ¶40.

This matter is at issue upon CPA's motion to dismiss the complaint with prejudice. CPA's sole argument in favor of dismissal is that the language "**IMPORTANT INFORMATION ENCLOSED**" does not violate section 1692f(8) of the FDCPA as a matter of law.   The Court disagrees for the reasons stated in *Preston v. Midland Credit Management, Inc.*, No. 18-3119, 2020 WL 290451 (7th Cir. Jan. 21, 2020).   Notably, *Preston* was issued after CPA filed its motion to dismiss.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted.   When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed.   *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).   Courts must accept all factual allegations as true and view the facts in a light most favorable to the plaintiff.   *See Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).   In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).   To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."   *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations

3

omitted).   This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (internal citations omitted).

## **DISCUSSION**

CPA's motion to dismiss argues that the language "**IMPORTANT INFORMATION ENCLOSED**" is harmless, benign language.   CPA points out that the purpose of section 1692f(8) is to prohibit debt collectors from using language or symbols that reveal that the letter concerns debt collection.   CPA then contends that, although the Eleventh Circuit has not addressed this issue, the Fifth and Eighth Circuits have adopted a "benign language exception" to section 1692f(8)'s absolute prohibition of the use of any symbol or language on the envelope of the debt collection letter.

After CPA filed its motion in this lawsuit, the Seventh Circuit directly addressed this issue in *Preston v. Midland Credit Management, Inc.*, No. 18-3119, 2020 WL 290451 (7th Cir. Jan. 21, 2020), which is highly persuasive.   The facts in *Preston* are very similar to the instant case.   The defendant, Midland Credit Management Inc., sent the plaintiff, Neal Preston, a debt collection letter in an envelope that bore the words "TIME SENSITIVE DOCUMENT."   Preston sued Midland alleging, in relevant part, that the language "TIME SENSITIVE DOCUMENT" violated section 1692f(8) because it contained language other than Midland's address.

Midland moved to dismiss, arguing that the language was benign.   The district court agreed and dismissed the section 1692f(8) claim with prejudice.   Preston then appealed to the Seventh Circuit.   The Seventh Circuit held:

> When a debt collector communicates with consumers through the mails, it may not use any language or symbol on the envelope except for its business name or address, as long

as the name does not indicate that he is in the debt collection business. Turning to the facts here, there is no question that the language "TIME SENSITIVE DOCUMENT" appears on the envelope enclosing a communication to a consumer. It is equally apparent that the language at issue does not fall within the itemized exception set forth in subsection (8): It is not Midland's name nor its address. The inclusion of this phrase thus violates § 1692f(8), and the district court erred in dismissing the claim set forth in Count I of Mr. Preston's complaint.

2020 WL 290451, at *7.

The Seventh Circuit aptly explained why its sister circuits erred in applying an exception for purported benign language:

We also cannot agree with our sister circuits that the prefatory language of § 1692f renders the provision ambiguous. The first sentence of § 1692f prohibits a debt collector from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." It next sets forth a nonexhaustive list of conduct that constitutes "a violation of this section." *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 996 (7th Cir. 2003) ("Section 1692f states, without qualification, that 'the following conduct is a violation of this section.'"). Each subsection, (1) through (8), sets forth a discrete means of violating the statute, and the elements of each violation are determined by the language of the subsection. *Cf. Turner*, 330 F.3d at 996 (stating that "[w]hether the collection of a debt violates § 1692f(1) depends solely on two factors: (1) whether the debt agreement explicitly authorizes the charge; or (2) whether the charge is permitted by law," both of which appear in the text of f(1)). Nothing about the prefatory language of § 1692f renders the meaning of subsection (8) ambiguous.

Because the statutory language neither leads to absurd results nor is ambiguous, resort to legislative history is neither necessary nor appropriate. *See, e.g.*, *United States v. Silva*, 140 F.3d 1098, 1102 (7th Cir. 1998) ("If the language is unambiguous, we need not resort to legislative history or other sources to glean the legislative intent of the statute."). The statutory language does, in fact, prohibit debt collectors from sending communications to consumers in envelopes bearing symbols that are indicative of debt collection. The language of the statute simply draws a clear line to ensure that consumers' rights are not lost in the interpretation of more subtle language.

The Court agrees that the language in question is benign and not misleading. But section 1692f(8) is not ambiguous. So, it would be inappropriate to assume a benign language exception to section 1692f(8) when one is not written in the statutory language.

In sum, the plain language of section 1692f(8) prohibits any language or symbol from

appearing on the envelope containing a debt collection letter other than the debt collector's business name or address.   Accordingly, the Court must deny Defendant's motion to dismiss. *Silva-Hernandez v. U.S. Bureau of Citizenship & Immigration Servs.*, 701 F.3d 356, 361, 363 (11th Cir. 2012) ("Those who ask courts to give effect to perceived legislative intent by interpreting statutory language contrary to its plain and unambiguous meaning are in effect asking courts to alter that language, and courts have no authority to alter statutory language . . .").

Although the Court may not have made the same policy decision, the Court cannot say that it is "absurd, ridiculous, or ludicrous for Congress to have decided the matter in the way the plain meaning of the statutory language indicates it did."   *Id.* at 363 (internal citations and quotations omitted).

It is therefore **ORDERED AND ADJUDGED** that:

1.  Defendant's Motion to Dismiss (Dkt. 10) is denied.

2.  Defendant shall file its answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of February, 2020.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

6